UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Wayne R., | Case No. 22-cv-754 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

---

Clifford Michael Farrell, Manring & Farrell, P.O. Box 15037, 167 North High Street, Columbus, OH 43215; and Edward C. Olson, Reitan Law Office, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402 (for Plaintiff); and

James D. Sides, Marisa Silverman, and Morris Williams, III, Social Security Administration, Office of the General Counsel, 6401 Security Boulevard, Baltimore, MD 21235; and Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant).

---

## I. INTRODUCTION

Plaintiff Wayne R. brings the present case, contesting Defendant Commissioner of Social Security's denial of disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") under Title XVI of the same, 42 U.S.C. § 1381 *et seq.* The parties have consented to a final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D. Minn. LR 72.1(c).

This matter is before the undersigned United States Magistrate Judge on cross motions for summary judgment, Plaintiff's Motion for Summary Judgment, ECF No. 15,

and the Commissioner's Motion for Summary Judgment, ECF No. 18. Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**, and the Commissioner's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

## II. PROCEDURAL HISTORY

On September 6, 2019, Plaintiff applied for DIB and SSI. Tr. 11, 233-41. Plaintiff asserted that he has been disabled since January 31, 2018, due to back pain, left hip and knee pain, bilateral shoulder pain, left hand pain, and hearing loss. Tr. 11, 16. Plaintiff's applications were denied initially and again upon reconsideration. Tr. 11, 91-152, 160-71.

Plaintiff appealed the reconsideration of his DIB and SSI determinations by requesting a hearing before an administrative law judge ("ALJ"). Tr. 11, 173-74. The ALJ held a hearing in February 2021, and later issued an unfavorable decision. Tr. 8-28, 58-90. After receiving an unfavorable decision from the ALJ, Plaintiff requested review from the Appeals Council, which was denied. Tr. 1-7, 229-31.

Plaintiff then filed the instant action, challenging the ALJ's decision. Compl., ECF No. 1. The parties have filed cross motions for summary judgment. ECF Nos. 15, 18. This matter is now fully briefed and ready for a determination on the papers.

## III. ANALYSIS

### A. Legal Standard

Disability benefits are available to individuals who are determined to be under a disability. 42 U.S.C. §§ 423(a)(1), 1381a; *see also* 20 C.F.R. §§ 404.315, 416.901. An individual is considered to be disabled if he is unable "to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). This standard is met when a severe physical or mental impairment, or impairments, renders the individual unable to do his previous work or "any other kind of substantial gainful work which exists in the national economy" when taking into account his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); *accord* 42 U.S.C. § 1382c(a)(3)(B); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).

In general, the burden of proving the existence of disability lies with the claimant. 20 C.F.R. §§ 404.1512(a), 416.912(a). Disability is determined according to a five-step, sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> To determine disability, the ALJ follows the familiar five-step process, considering whether: (1) the claimant was employed; (2) []he was severely impaired; (3) h[is] impairment was, or was comparable to, a listed impairment; (4) []he could perform past relevant work; and if not, (5) whether []he could perform any other kind of work.

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). In this evaluation process, the ALJ determines the claimant's residual functional capacity, which "is the most he can do despite his limitations." 20 C.F.R. § 404.1545(a)(1); *accord* 20 C.F.R. § 416.945(a)(1); *see McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) ("A claimant's [residual functional capacity] represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence."); *see also, e.g.*, *Schmitt v. Kijakazi*, 27 F. 4th

3

1353, 1360 (8th Cir. 2022) (same). "Because a claimant's [residual functional capacity] is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Perks*, 687 F.3d at 1092 (quotation omitted); *accord Schmitt*, 27 F. 4th at 1360.

At the same time, the residual-functional-capacity determination "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020); *see Perks*, 687 F.3d at 1092; *see also* 20 C.F.R. §§ 404.1546(c), 416.946(c). "An ALJ determines a claimant's [residual functional capacity] based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his or her] limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotation omitted); *accord Schmitt*, 27 F. 4th at 1360; *Norper*, 964 F.3d at 744-45. As such, there is no requirement that a residual-functional-capacity determination "be supported by a specific medical opinion." *Schmitt*, 27 F. 4th at 1360 (quotation omitted). Nor is an ALJ "limited to considering medical evidence exclusively." *Id.* (quotation omitted). Accordingly, "[e]ven though the [residual-functional-capacity] assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Perks*, 687 F.3d at 1092 (quotation omitted); *accord Schmitt*, 27 F. 4th at 1360; *see* 20 C.F.R. §§ 404.1546(c), 416.946(c).

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence on the record as a whole supports the decision,

4

42 U.S.C. § 405(g), or if the ALJ's decision resulted from an error of law. *Nash v. Comm'r, Soc. Sec. Administration*, 907 F.3d 1086, 1089 (8th Cir. 2018) (citing 42 U.S.C. § 405(g); *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018)). The Court reviews whether the ALJ's decision is supported by substantial evidence in the record as a whole. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted); *see, e.g.*, *Chismarich*, 888 F.3d at 979 (defining "substantial evidence as less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion" (quotation omitted)).

This standard requires the Court to "consider both evidence that detracts from the [ALJ's] decision and evidence that supports it." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); *see Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021). The ALJ's decision "will not [be] reverse[d] simply because some evidence supports a conclusion other than that reached by the ALJ." *Boettcher*, 652 F.3d at 863; *accord Grindley*, 9 F.4th at 627; *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The court must affirm the [ALJ's] decision if it is supported by substantial evidence on the record as a whole." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (quotation omitted). Thus, "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Perks*, 687 F.3d at 1091 (quotation omitted); *accord Chaney*, 812 F.3d at 676.

5

**B. ALJ's Decision**

In this case, the ALJ followed the five-step, sequential evaluation process for determining disability for DIB and SSI. The ALJ found that Plaintiff had the severe impairments of inferior dislocation of the glenohumeral joint, moderate degenerative changes of the acromioclavicular joint, rotator cuff tear and SLAP injury, left shoulder (status post repair); left hand skin graft; moderate generative changes of the acromioclavicular joint and rotator cuff and anterior labral tears, right shoulder (status post repair); degenerative changes and disc disease of the lumbar spine with minimal retrolisthesis of L3 on L4, moderately severe degenerative disc disease at L1-2, L3-4, L4-5 level, mild bilateral sacroiliac joint degenerative changes and moderate arthrosis at L4-5 and L5-S1; and arthritis of the bilateral hips. Tr. 14. The ALJ further found that none of these impairments, individually or in combination, met or equaled a listed impairment in 20 C.F.R. pt. 404, subpt. P, app.1. Tr. 14-15. The ALJ then found that Plaintiff had the residual functional capacity to perform less than a full range of light work[1] with the following limitations:

> He is able to lift and/or carry twenty pounds occasionally and ten pounds frequently. [He] can occasionally engage in push/pull actions with the bilateral upper extremities with twenty pounds resistance occasionally, but cannot perform frequent push/pull activities or operation of hand controls. He

---

[1] As set forth in the regulations,

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b); *accord* 20 C.F.R. § 416.967(b).

> can sit (with normal breaks) for a total of about six hours in an eight-hour workday and stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday. [He] can frequently handle, finger and feel with the left non-dominant hand. He can occasionally reach overhead with the bilateral upper extremities. [He] can occasionally climb ramps and stairs, balance, stoop, kneel and crouch. He should never climb ladders and scaffolds, crawl, work at unprotected heights or work with moving mechanical parts.

Tr. 15.

The ALJ found that Plaintiff was unable to perform his past relevant work as an industrial truck operator, construction worker, or material handler.  Tr. 20.  However, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  Tr. 20-21.  Specifically, based on Plaintiff's age, education, work experience, residual functional capacity, and the testimony of the vocational expert, the ALJ found that Plaintiff was capable of making a successful adjustment to the representative occupations of electronic assembler, production assembler, and inspector/packager.  Tr. 20-21.  Accordingly, the ALJ concluded that Plaintiff was not under disability.  Tr. 21-22.

### C. Dr. Knaak's Opinions

The sole issue Plaintiff raises in his motion for summary judgment is the ALJ's analysis of the medical opinion of Plaintiff's treating provider, Jay Knaak, M.D.  On February 1, 2019, Dr. Knaak completed a medical opinion form, noting that Plaintiff was new to him as a patient.  Tr. 463.  Dr. Knaak wrote that Plaintiff was diagnosed with bilateral shoulder problems and rotator cuff degenerative disease.  Tr. 463.  Dr. Knaak noted that Plaintiff's shoulder issues were a permanent physical limitation, and he opined

7

that Plaintiff would "not be able to perform any employment in the foreseeable future." Tr. 463. At the end of the form, Dr. Knaak again noted that Plaintiff was a "new patient to [him]." Tr. 463.

On August 8, 2019, Dr. Knaak completed another medical opinion form. Tr. 424. He again noted that Plaintiff's shoulder issues were a permanent physical limitation and opined that Plaintiff would not be able to perform any employment in the foreseeable future. Tr. 424.

On November 26, 2019, Plaintiff saw Dr. Knaak in connection with his application for disability. Tr. 403. In his records, Dr. Knaak wrote that Plaintiff "had fairly significant trauma to his back over the years resulting in some degenerative disk disease . . . ." Tr. 403. Dr. Knaak opined that Plaintiff's "ability to do manual labor would be impacted." Tr. 403.

The ALJ found Dr. Knaak's opinion "not persuasive." Tr. 19. The ALJ noted that Dr. Knaak's February and August 2019 medical opinion forms state "that [Plaintiff] would not be able to perform any employment in the foreseeable future due to permanent shoulder degenerative disease." Tr. 19. But, according to the ALJ, Dr. Knaak "did not set forth any specific functional limitations which led to this ultimate conclusion." Tr. 19. Further, the ALJ noted that Dr. Knaak "even acknowledged in February of 2019 that [Plaintiff] was a new patient for him." Tr. 19. The ALJ also noted that Dr. Knaak opined in November 2019 that Plaintiff's ability to do manual labor was impacted, "but he again did not make a functional assessment providing for specific limitations." Tr. 19. The ALJ found Dr. Knaak's opinion "fairly vague" and "not [] consistent with [Plaintiff's] own admissions

8

regarding his daily activities," such as doing household chores and riding his bike for transportation. Tr. 19. Accordingly, the ALJ found Dr. Knaak's opinion unpersuasive. Tr. 19.

Plaintiff argues that the ALJ erred in his residual-functional-capacity determination because he failed to include Dr. Knaak's medical opinion that Plaintiff "cannot work due to his shoulder problems, specifically his left shoulder." Pl.'s Mem. in Supp. at 6, ECF No. 16. According to Plaintiff, the ALJ erred by failing to analyze properly the consistency and supportability of Dr. Knaak's medical opinion. Pl.'s Mem. in Supp. at 8-10. The Commissioner disagrees with Plaintiff and argues that "the ALJ properly evaluated Dr. Knaak's opinion regarding Plaintiff's shoulders, and considered both the supportability and consistency factors." Comm'r's Mem. in Supp. at 9, ECF No. 19.

As Plaintiff's applications were filed after March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1520c and 416.920c apply to the evaluation of medical opinions and prior administrative medical findings. *See generally* 20 C.F.R. §§ 404.1520c, 416.920c. Under these regulations, no deference or "specific evidentiary weight, including controlling weight," is given "to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical source." 20 C.F.R. § 404.1520c(a); *accord* 20 C.F.R. § 416.920c(a). Rather, the "persuasiveness" of a particular medical opinion is determined based on consideration of five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) examining relationship, and (5) other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The first two factors, supportability and consistency, "are the most important factors" when determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2); *accord* 20 C.F.R. § 416.920c(b)(2); *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); *accord* 20 C.F.R. § 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); *accord* 20 C.F.R. § 416.920c(c)(2). Under the regulations, an ALJ "will explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions" in the decision. 20 C.F.R. § 404.1520c(b)(2); *accord* 20 C.F.R. § 416.920c(b)(2). An ALJ "may, but [is] not required to, explain how [he or she] considered the [remaining] factors." 20 C.F.R. § 404.1520c(b)(2); *accord* 20 C.F.R. § 416.920c(b)(2).

The Court finds that the ALJ properly considered the supportability factor. The ALJ concluded that Dr. Knaak did not provide a supporting explanation for his opinion that Plaintiff would not be able to perform any employment in the foreseeable future due to permanent shoulder degenerative disease. Tr. 19. The ALJ noted that the ALJ failed to set forth any specific functional limitations which led to that conclusion or make a functional

assessment providing for specific limitations. Tr. 19. The ALJ also noted properly that Dr. Knaak's opinion lacked supportability because it was vague. *See, e.g.*, *Brian E. v. Kijakazi*, No. 22-cv-372 (ECT/BRT), 2022 WL 18587746 (D. Minn. Oct. 17, 2022), *report and recommendation accepted*, 2023 WL 21920, at *2 (D. Minn. Jan. 3, 2023) ("The ALJ's determination that [the doctor's] opinion was 'vague,' and thus less supportable, was an acceptable reason to find it less persuasive."). Additionally, Dr. Knaak failed to cite any objective medical evidence or provide persuasive explanations to support his medical opinion. *See* 20 C.F.R. § 404.1520c(c)(1); *accord* 20 C.F.R. § 416.920c(c)(1).

The Court also finds that the ALJ considered the consistency factor properly. The ALJ found that Dr. Knaak's opinion that Plaintiff could not perform any employment was not persuasive because it did "not appear consistent with [Plaintiff's] own admissions regarding his daily activities during this period of time, which included household chores and reflected an ability to ride his bike for transportation, which requires that he place some of his weight on his shoulders to maintain balance." Tr. 19. Specifically, the ALJ noted that Plaintiff lives alone and independently in an apartment; takes care of his personal needs; makes his own meals; performs household chores such as vacuuming, washing dishes, grocery shopping, and doing laundry; brings his kids to the store or appointments as needed; uses a bicycle for transportation; plays cards; goes to ball games; socializes with others; and gets together with friends. Tr. 18-19; *see also, e.g.*, *Mark S. E. v. Kijakazi*, No. 20-cv-1954 (JFD), 2022 WL 834513, at *8 (D. Minn. Mar. 21, 2022) ("[T]he limitations in [the medical provider's] opinion are not consistent with Plaintiff's daily activities.");

*Riggs v. Saul*, No. 4:18-CV-1943 PLC, 2020 WL 6392793, at *9 (E.D. Mo. Nov. 2, 2020) ("The fact that Plaintiff could . . . bike . . . undermined [the doctor's] opinion . . . .").

Further, other evidence mentioned throughout the ALJ's decision reflects the inconsistencies with Dr. Knaak's opinion that Plaintiff could not perform any employment. The ALJ discussed objective medical records inconsistent with Dr. Knaak's opinion. As the Commissioner points out, "[t]he ALJ noted Plaintiff had a history of a right shoulder rotatory cuff and degenerative changes, but he did not seek consistent right shoulder treatment and had been able to work for years with these impairments." Comm'r's Mem. in Supp. at 7 (citing Tr. 17, 292, 360-61). Additionally, "surgery along with physical therapy appear to have helped [Plaintiff] improve in terms of his shoulders," and he does not take any prescribed medications to help with pain. Tr. 17; *see also Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (citing *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010)) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."). The ALJ also considered Dr. Knaak's opinion alongside the other opinion evidence, including the state agency medical consultants, who opined that Plaintiff could perform a range of light exertional activity. Tr. 19.

Overall, the ALJ's consideration of Plaintiff's medical records and the opinion evidence, including Dr. Knaak's opinion, was thorough and thoughtful, and it is clear that the ALJ considered Dr. Knaak's opinion carefully with the other evidence in the record. In sum, there is substantial evidence in the record as a whole to support the ALJ's conclusion that Dr. Knaak's opinion was not supported by or consistent with the other evidence in the record.

In sum, the Court finds no error with respect to the ALJ's consideration of the supportability and consistency of Dr. Knaak's opinion under the regulations. The Court finds that the ALJ properly applied the factors under 20 C.F.R. §§ 404.1520c and 416.920c when determining the persuasive value of Dr. Knaak's opinion. Accordingly, the ALJ's "well-supported determination that [Dr. Knaak's] opinions were not [] supported by or consistent with other evidence in the record will not be disturbed." *See Jason L. v. Kijakazi*, No. 22-cv-1955 (PAM/ECW), 2023 WL 35876, at *3 (D. Minn. Jan. 4, 2023).

## IV. ORDER

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2. The Commissioner's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: August   22  , 2023                              *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *Wayne R. v. Kijakazi*
                                                      Case No. 22-cv-754 (TNL)